# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MELVIN LAWSON,**  PLAINTIFF

**VS.**  **CIVIL ACTION NO. 2:05cv21-B-B**

**JIM MCDONALD, ET AL.,**  DEFENDANTS

## REPORT AND RECOMMENDATIONS

**UPON FURTHER REVIEW** of the file and record of this action, the undersigned finds defendants filed their motions to dismiss [docs. 7 & 8] on January 21, 2005, for failure to state a claim under Mississippi law. By Order dated April 19, 2005 [doc. 14], this Court granted plaintiff's counsel's motion for leave to withdraw and granted plaintiff time until May 17, 2005, to either obtain substitute counsel or advise the Court in writing of his intent to proceed *pro se.* Plaintiff was further granted additional time until May 24, 2005, to file his response to defendants' motions to dismiss. By Order dated May 20, 2005 [doc. 17], the Court granted plaintiff additional time until June 17, 2005, to secure an attorney. Then, by Order dated June 20, 2005 [doc. 20], the Court granted plaintiff's second request for additional time to obtain counsel, and granted him time until July 8, 2005, to both obtain new counsel and file his response to defendants' motions to dismiss.

On July 14, 2005, defendants filed their Supplemental Motion to Dismiss [doc. 21], citing plaintiff's failure to obtain new counsel and respond to the pending motions to dismiss.

By Order dated July 15, 2005 [doc. 22], a telephonic case management conference was set before the undersigned on this date at 2:00 p.m. Plaintiff was notified that it was his responsibility to initiate the phone conference and submit a confidential settlement

Melvin Lawson
POB 4071
Cleveland, MS 38732

memorandum. Plaintiff failed to submit his settlement memorandum and initiate the phone conference. Further, defense counsel advised the undersigned that all attempts to contact plaintiff had failed.

Having duly considered the arguments advanced by defendants in their motions to dismiss, and based on the foregoing facts, it appears to the undersigned magistrate judge that plaintiff has lost interest in this lawsuit and that it should be dismissed. Therefore, it is recommended that defendants' unopposed motions to dismiss be granted and that the Complaint be dismissed for failure to state a claim under FED.R.CIV.P. 12(b)(6) and for the additional grounds of failure to prosecute and failure to obey an order of this Court under FED.R.CIV.P. 41(b).

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this 8th day of September, 2005.

      **/s/ Eugene M. Bogen**
      **U. S. MAGISTRATE JUDGE**